MEGAN K. McHENRY, ESQ.
Nevada State Bar No. 9119
LAW OFFICE OF HAYES & WELSH
199 N. Arroyo Grande Blvd., Suite 200
Henderson, Nevada 89074
Phone: 702-434-3444
Fax #:  702-434-3739
E-Mail: m.mchenry@lvlaw.com; k.bratton@hayesandwelsh.onmicrosoft.com

Attorneys for Plaintiffs/Creditors
*SUSAN BRESNAHAN and S&R PAYROLL SOLUTIONS, LLC*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>RONALD P. MASON and CHERENE D. COOPER-MASON,<br><br>Debtors.<br>_____<br>SUSAN BRESNAHAN and S & R PAYROLL SOLUTIONS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>RONALD MASON and CHERENE D. COOPER-MASON,<br><br>Defendants. | Case No.: BK-S-20-13885-NMC<br>Chapter 13<br><br><br><br><br>Adv. Proc. Case No.: |

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

COMES NOW, Plaintiffs/Creditors SUSAN BRESNAHAN and S&R Payroll Solutions, LLC (hereinafter referred to as the "Creditors"), by and through their counsel of record, Megan K. McHenry, Esq. and the Law Office of Hayes and Welsh, and hereby complain of Defendants/Debtors RONALD P. MASON and CHERENE D. COOPER-MASON (hereinafter referred to as the "Debtors"), as follows:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2).  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  If the Court finds this is not a core matter, then Creditors consent to entry of judgment by the United States Bankruptcy Judge.

2.    Defendants are the Debtors in the above-entitled Chapter 13 bankruptcy proceeding, and Plaintiffs, above named, are creditors of said Debtors.

3.    This is an adversary proceeding in which Creditors are requesting that the Court hold Debtors' debt to Creditors non-dischargeable.

## GENERAL ALLEGATIONS

4.    In approximately September 2009, Creditor, Susan Bresnahan (hereinafter "Ms. Bresnahan") formed the business S&R Payroll Solutions, LLC (hereinafter "S&R") in which she held a one hundred percent (100%) membership interest.

5.    In or about 2011, Ms. Bresnahan owned a twenty percent (20%) membership interest in Taxes & More, LLC (hereinafter T&M) and Debtors each owned a forty percent (40%) membership interest in T&M.

6.    In or about 2011, Ms. Bresnahan was also an employee of T&M until Debtors wrongfully terminated her employment on December 2, 2011.

7.    On or about November 29, 2011, Debtors further wrongfully removed Ms. Bresnahan as a manager of T&M with the Nevada Secretary of State.

8.    Since that time, Debtors failed to distribute Ms. Bresnahan's share of the net profits of T&M to her and refused to grant her access to the business.

9.    Since approximately December 2011, Debtors refused to grant Ms. Bresnahan access to her business, S&R, and collected all the income and profits of S&R for themselves.

10.    After locking Ms. Bresnahan out of the businesses, Debtors contacted all S&R's clients and informed them that Debtors would be taking over their payroll accounts.

11.    From 2007 to 2009, Debtors provided false information on W-2 forms issued to Ms. Bresnahan, specifically stating that she had received more deferred compensation than was actually contributed by Debtors to Ms. Bresnahan's IRA.

12.    On or about December 29, 2011, Creditors filed a Complaint against Debtors in the Clark County District Court, Case No. A-11-653911-C (hereinafter "Clark County Case"), for conversion, unjust enrichment, breach of fiduciary duty, civil conspiracy, fraud, constructive fraud, breach of contract as to the operating agreement, breach of contract, breach

1  of the implied covenant of good faith and fair dealing, injunctive relief, declaratory relief,
2  intentional interference with contractual relations, accounting, judicial dissolution of entity,
3  and dissolution of entity pursuant to operating agreement.

4      13.    On or about October 15, 2014, Creditors and Debtors entered into a Settlement
5  Agreement under which Debtors agreed to pay Creditors the principal amount of $80,000.00,
6  plus interest at the rate of 5.25% per annum from October 15, 2014 until the Judgment is
7  satisfied.

8      14.    Section 9 of the Settlement Agreement states: "Defendants expressly agree that
9  the Confession of Judgment arises from circumstances that, if proven at trial, would render the
10 Judgment non-dischargeable pursuant to 11 USC 523(a)(2)(A), 11 USC 523(a)(2)(B), 11 USC
11 523(a)(4), and 11 USC 523(a)(6). Furthermore, Defendants expressly agree and acknowledge
12 that:

13     A.    In the event Defendants, or any of them, file bankruptcy at any time,
14 BRESNAHAN shall at all times have the right at all times to object to any
15 discharge of Defendants;

16     B.    BRESNAHAN shall not be precluded by claim or issue preclusion, or res
17 judicata, from objecting to any discharge of Defendants in any bankruptcy
18 proceeding. BRESNAHAN's position is that the Confession of Judgment or any
19 obligation under this Agreement are not dischargeable under 11 USC
20 523(a)(2)(A), 11 USC 523(a)(2)(B), 11 USC 523(a)(4), and 11 USC 523(a)(6)
21 and all rights to object to discharge under those or any other applicable provisions
22 are preserved;

23     15.    On or about October 27, 2014, a Confession of Judgment signed by Debtors
24 was entered in the Clark County Case under which judgment was entered against Debtors in
25 the principal amount of $80,000.00 plus interest at the rate of 5.25% per annum from October
26 15, 2014 until all amounts owed under the Judgment are paid in full.

27     16.    Section 9 of the Confession of Judgment states: "Debtors expressly agree that
28 this Confession of Judgment arises from circumstances that, if proven at trial, would render the

LAW OFFICE OF
HAYES & WELSH
A PROFESSIONAL CORPORATION
199 NORTH ARROYO GRANDE BLVB., SUITE 200
HENDERSON, NEVADA 89074
(702) 434-3444  FAX (702) 434-3739

Judgment non-dischargeable pursuant to 11 USC 523(a)(2)(A), 11 USC 523(a)(2)(B), 11 USC 523(a)(4), and 11 USC 523(a)(6)."

17. On or about September 17, 2020, the Confession of Judgment was renewed pursuant to NRS 17.214.

18. On or about April 2, 2019, Debtors sold T&M under a Purchase Sale Agreement without: providing notice to Creditors of the sale; providing compensation to Creditors from the sale; obtaining an assignment of the debt; or notifying the purchaser of T&M of the debt owed to Creditors.

19. The Purchase Sale Agreement specifically states in Section 4: "There is no other litigation against the Company nor does any party have a right to sue the Company."

20. Based upon information and belief, T&M has been in default with the Nevada Secretary of State since 2018 and is no longer in operation.

21. Based upon information and belief, after selling T&M, Debtors began conducting business under the name R&C Tax Office.

22. Based upon information and belief, in May 2020, Debtors dissolved R&C Tax Office to avoid execution on the Confession of Judgment by Creditors and began conducting business under the name RC Tax Office.

23. Debtors made payments to Creditors under the Settlement Agreement and Confession of Judgment totaling $36,500.00 before their Chapter 13 Petition was filed.

**FIRST CLAIM FOR RELIEF**
**(Denial of Discharge of Debt - 11 U.S.C. § 523(a)(2))**

24. Creditors repeat, reallege and incorporate herein by reference each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

25. As outlined in detail above, Debtors fraudulently converted Ms. Bresnahan's ownership interests in S&R and T&M to themselves by locking her out of the businesses, refusing to allow her access to the businesses, taking the income from the businesses and transferring the clients of the businesses to themselves.

/ / /

26. Debtors further converted funds to themselves that were supposed to be contributed to Ms. Bresnahan's IRA and provided false information on her W-2 forms.

27. Debtors further sold T&M and used the funds for their own purposes rather than providing Ms. Bresnahan with her share of the funds by concealing the sale from Ms. Bresnahan and failing to disclose the Confession of Judgment against T&M to the new buyer.

28. Debtors have further continued conducting business for clients of T&M and S&R under different names to avoid providing Ms. Bresnahan with her share of the funds and to avoid paying Creditors under the Confession of Judgment.

29. As set forth in detail above, the debt owed to Creditors is for money, property and/or services obtained by false pretenses, false representations and/or actual fraud.

30. As set forth in detail above, the debt owed to Creditors was for money, property and/or services obtained by the use of a statement in writing that was materially false respecting Debtors' financial condition, on which Creditors reasonably relied; and, that Debtors caused to be made or published with intent to deceive.

31. In the Settlement Agreement and Confession of Judgment, Debtors further admitted that the debt owed to Creditors arose from circumstances that render the Judgment non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and (B).

32. Pursuant to 11 U.S.C. § 523(a)(2), the discharge of Debtors' debt to Creditors should be denied.

33. Creditors are entitled to damages in an amount to be established based on the evidence, plus interest, costs and attorney's fees.

34. Creditors have been required to obtain the services of the Law Office of Hayes and Welsh to prosecute this action and are entitled to reasonable attorney's fees therefor.

**SECOND CLAIM FOR RELIEF**
**(Denial of Discharge of Debt - 11 U.S.C. § 523(a)(4))**

35. Creditors repeat, reallege and incorporate herein by reference each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

/ / /

36. As Ms. Bresnahan's business partners, Debtors owed a fiduciary duty to her.

37. As outlined in detail above, Debtors fraudulently converted Ms. Bresnahan's ownership interests in S&R and T&M to themselves by locking her out of the businesses, refusing to allow her access to the businesses, taking the income from the businesses and transferring the clients of the businesses to themselves.

38. Debtors further converted funds to themselves that were supposed to be contributed to Ms. Bresnahan's IRA and provided false information on her W-2 forms.

39. Debtors further sold T&M and used the funds for their own purposes rather than providing Ms. Bresnahan with her share of the funds by concealing the sale from Ms. Bresnahan and failing to disclose the Confession of Judgment against T&M to the new buyer.

40. Debtors have further continued conducting business under various names to avoid providing Ms. Bresnahan with her share of the funds and to avoid paying Creditors under the Confession of Judgment.

41. As set forth in detail above, the debt owed to Creditors is for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

42. Pursuant to 11 U.S.C. § 523(a)(4), the discharge of Debtors' debt to Creditors should be denied.

43. In the Settlement Agreement and Confession of Judgment, Debtors further admitted that the debt owed to Creditors arose from circumstances that render the Judgment non-dischargeable under 11 U.S.C. § 523(a)(4).

44. Creditors are entitled to damages in an amount to be established based on the evidence, plus interest, costs and attorney's fees.

45. Creditors have been required to obtain the services of the Law Office of Hayes and Welsh to prosecute this action and are entitled to reasonable attorney's fees therefor.

**THIRD CLAIM FOR RELIEF**
**(Denial of Discharge of Debt - 11 U.S.C. § 523(a)(6))**

46. Creditors repeat, reallege and incorporate herein by reference each and every allegation contained in the above paragraphs of this Complaint as though fully set forth herein.

47. As outlined in detail above, Debtors willfully and maliciously injured Creditors by fraudulently converting Ms. Bresnahan's ownership interests in S&R and T&M to themselves, locking her out of the businesses, refusing to allow her access to the businesses, taking the income from the businesses and transferring the clients of the businesses to themselves.

48. Debtors willfully and maliciously injured Creditors by fraudulently converting funds to themselves that were supposed to be contributed to Ms. Bresnahan's IRA and providing false information on her W-2 forms.

49. Debtors further willfully and maliciously injured Creditors by selling T&M and using the funds for their own purposes rather than providing Ms. Bresnahan with her share of the funds, by concealing the sale from Ms. Bresnahan, and failing to disclose the Confession of Judgment against T&M to the new buyer.

50. Debtors have further continued conducting business under various names to avoid providing Ms. Bresnahan with her share of the funds and to avoid paying Creditors under the Confession of Judgment.

51. As set forth in detail above, the debt owed to Creditors is for willful and malicious injury by Debtors to Creditors and/or their property.

52. Pursuant to 11 U.S.C. § 523(a)(6), the discharge of Debtors' debt to Creditors should be denied.

53. In the Settlement Agreement and Confession of Judgment, Debtors further admitted that the debt owed to Creditors arose from circumstances that render the Judgment non-dischargeable under 11 U.S.C. § 523(a)(6).

54. Creditors are entitled to damages in an amount to be established based on the evidence, plus interest, costs and attorney's fees.

55. Creditors been required to obtain the services of the Law Office of Hayes and Welsh to prosecute this action and are entitled to reasonable attorney's fees therefor.

/ / /

/ / /

WHEREFORE, Plaintiffs/Creditors SUSAN BRESNAHAN and S&R Payroll Solutions, LLC pray for judgment against Debtors RONALD P. MASON and CHERENE D. COOPER-MASON as follows:

1. That Debtors' debt due and owing to Plaintiffs/Creditors be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2), 11 U.S.C. § 523(a)(4), and 11 U.S.C. § 523(a)(6);

2. For damages incurred according to proof, plus interest at the contractual or statutory rate from the date of default until paid in full;

3. For attorney's fees and costs of suit incurred herein; and

4. For such other and further relief as this Court may deem just and proper in the premises.

DATED this 5th day of November, 2020

                                                  LAW OFFICE OF HAYES & WELSH

By: _____
MEGAN K. MCHENRY, ESQ.
Nevada State Bar No. 9119
199 N. Arroyo Grande Blvd., Ste. 200
Henderson, Nevada 89074
(702) 434-3444
Attorneys for Plaintiffs/Creditors
*SUSAN BRESNAHAN* and
*S&R PAYROLL SOLUTIONS, LLC*

LAW OFFICE OF
HAYES & WELSH
A PROFESSIONAL CORPORATION
199 NORTH ARROYO GRANDE BLVD., SUITE 200
HENDERSON, NEVADA 89074
(702) 434-3444  FAX (702) 434-3739